# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER and ) | |
| RICARDO MORALES, ) | |
| ) | |
| Petitioners, ) | |
| ) | No. 4:20-cv-787-PLC |
| v. ) | |
| ) | |
| EILEEN RAMEY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus that has been filed jointly by Melvin Leroy Tyler and Ricardo Morales, along with each petitioner's motion for leave to proceed *in forma pauperis*. In the petition, each petitioner challenges his own state court judgment. For the reasons explained below, the Court will grant petitioners leave to proceed *in forma pauperis*, and will deny and dismiss the petition because it is successive and was filed without authorization from the United States Court of Appeals for the Eighth Circuit.

### Background

On August 4, 1978, Tyler was convicted of two counts of robbery and two counts of assault, and was sentenced to serve consecutive terms of fifty years for each robbery count and five years for each assault count. *State v. Tyler,* 622 S.W.2d 379 (Mo. Ct. App. 1981). On July 19, 1988, after pursuing relief in the Missouri state courts, he filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in this United States District Court. *See Tyler v. Armontrout,* 917 F.2d 1138 (8th Cir. 1990). The Court denied the petition on July 12, 1989, and Tyler appealed. *Id.* The Eighth Circuit Court of Appeals affirmed the decision on October 31, 1990. *Id.*

Tyler has since filed various § 2254 petitions for the purpose of challenging his convictions. *E.g., Tyler v. Purkett*, 26 F.3d 127 (8th Cir. 1994) (unpublished opinion) (noting that the § 2254 petition at issue was "not the first habeas petition filed by [Tyler] for the purpose of challenging these convictions…It is either the fifth or sixth such petition"). Additionally, on January 24, 2008, Tyler and three other petitioners filed a joint § 2254 petition in this Court. *Tyler, et al. v. Crawford*, No. 4:08-cv-116-MLM (E.D. Mo. 2008). The Court determined the petition was an unauthorized successive petition and dismissed it, and on September 11, 2008, the Eighth Circuit Court of Appeals denied the application for a certificate of appealability and dismissed the appeal. *Tyler, et al. v. Crawford,* No. 08-2323 (8th Cir. 2008). On June 16, 2019, Tyler and petitioner Morales filed a joint § 2254 petition in this Court. *Morales, et al., v. Ramey,* No. 4:19-cv-1791-CDP (E.D. Mo. 2019). The Court determined the petition was an unauthorized successive petition and dismissed it, and on February 26, 2019, the Eighth Circuit denied the application for a certificate of appealability and dismissed the appeal. *Morales, et al. v. Ramey,* No. 19-3456 (8th Cir. 2019).

On April 18, 2012, Morales was convicted of multiple counts of statutory sodomy and rape, and sentenced to serve a total of forty-five years' imprisonment. *See State of Missouri v. Morales*, No. 1022-CR03880 (22nd Jud. Cir. 2012). On May 16, 2014, after pursuing relief in the Missouri state courts, he filed a § 2254 petition in this United States District Court. *Morales v. Cassady*, No. 4:14-cv-00943-NAB (E.D. Mo. 2014). The Court denied the petition on September 27, 2017, and Morales appealed. *Id.* The Eighth Circuit Court of Appeals affirmed the decision on July 3, 2018. *Morales v. Cassady*, No. 18-1621 (8th Cir. 2018). On February 24, 2020, the Eighth Circuit Court of Appeals denied Morales's petition for authorization to file a successive habeas application. Additionally, as indicated above, Morales has also sought § 2254

2

relief via a joint petition filed with Tyler in 2019, as cited above. Morales and Tyler filed the instant petition on June 10, 2020 by placing it in the prison's mailing system. In the petition, they each challenge their convictions detailed above.

## Discussion

According to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition").

As noted above, petitioners have filed prior petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge the convictions they challenge in the instant petition. The instant petition is therefore a second or successive application. Accordingly, to the extent petitioners seek to relitigate claims they brought in an earlier § 2254 petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioners seek to bring new claims for habeas relief, they must obtain leave from the Eighth Circuit Court of Appeals before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Neither petitioner has been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. As such, the petition must be denied and dismissed as successive.

Petitioners have also filed two motions averring that the judges of this Court are acting as


"investigators for state operatives," and complaining that the judges have not ordered the state to show cause. (ECF Nos. 4 and 7). They essentially seek the recusal of every judge in this Court. The motions will be denied. Judges are presumed to be impartial, and petitioners have failed to meet the substantial burden of proving otherwise. *See Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.,* 506 F.3d 656, 662 (8th Cir. 2007). While petitioners are obviously dissatisfied with the outcomes of prior litigation, unfavorable judicial rulings rarely establish a valid basis for recusal. *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) (citation omitted). Petitioners have also filed a motion seeking to permit the filing of additional exhibits, (ECF No. 8), which the Court will deny as moot.

The Court has considered whether to issue a certificate of appealability. In order to do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioners herein have made no such showing. Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motions for leave to proceed *in forma pauperis* filed by Melvin Leroy Tyler and Ricardo Morales (ECF Nos. 2 and 3) are **GRANTED**.

**IT IS FURTHER ORDERED** that the motions filed by Melvin Leroy Tyler and Ricardo Morales (ECF Nos. 4 and 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Melvin Leroy Tyler and Ricardo Morales is **DENIED AND**

**DISMISSED** because it is an unauthorized successive petition. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the motion filed by Melvin Leroy Tyler and Ricardo Morales (ECF No. 8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this __31st____ day of ____July_____, 2020.


\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE